IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 4:19-CV-179

| | |
|---|---|
| SEMPER FI VEHICLE & SELF STORAGE, INC.<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY<br><br>and<br><br>TRICORP INSURANCE AGENCY INC.<br><br>Defendants. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Scottsdale Insurance Company ("Scottsdale") with the consent of all Defendants, by and through their undersigned counsel, hereby removes this action from the Superior Court for Onslow County, where the case is currently pending, to the United States District Court for the Eastern District of North Carolina. In support thereof, Scottsdale states as follows:

## NATURE OF THE ACTION

1. This case involves alleged wind damage that occurred at Plaintiff's storage facility ("Facility") located in Onslow County, North Carolina. (Compl. ¶¶ 5, 11-12).

2. Plaintiff alleges that its insurer, Scottsdale, *inter alia*, failed to fully pay for Plaintiff's loss, breached its contract (the "Insurance Contract") with Plaintiff in its refusal to fully pay for the loss, and engaged in bad faith conduct and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 and N.C. Gen Stat. § 75-16. (Compl. ¶¶ 32, 33, 35).

3. Plaintiff also asserts that Defendant Tricorp Insurance Agency, Inc. (hereinafter "Tricorp"), was the broker of the Insurance Contract. (Compl. ¶ 32).

4. Plaintiff asserts two causes of action against Scottsdale: (1) breach of contract; and (2) violation of North Carolina's Unfair and Deceptive Practices Act. (Compl. ¶¶ 31-33, 34-35).

5. Plaintiff does not affirmatively assert a cause of action against Tricorp in its Complaint.

## JURISDICTION

6. Federal jurisdiction is proper in this case. There is a sufficient amount in controversy, and when taking into account the fraudulent joinder of Tricorp there is diversity among the parties.

7. The $75,000 amount in controversy threshold is satisfied. 28 U.S.C. § 1332(a).

8. Plaintiff seeks compensatory damages in the amount of $488,849.79. (Compl. ¶ 30). Plaintiff's also seek to recover treble damages, costs and attorney's fees. (Comp. p. 6).

9. As Plaintiff seeks the sum certain relief of compensatory damages that exceeds the $75,000 amount in controversy threshold, the amount in controversy is satisfied.

10. Plaintiff is a citizen of North Carolina. Plaintiff, was incorporated in North Carolina. (Compl. ¶ 1). Plaintiff's principal place of business is 1734 Piney Green Road, Jacksonville, Onslow County, North Carolina 28546. (**Exhibit A**).

11. Defendant Scottsdale is an Ohio corporation, (Compl. ¶ 2), with its principal place of business in Scottsdale, Arizona.[1]

12. Plaintiff alleges that Tricorp is a citizen of North Carolina. (Compl. ¶ 3). The addition of Tricorp to this lawsuit ostensibly defeats complete diversity among the parties.

13. However, in determining whether a case is properly removable to federal court on the basis of diversity jurisdiction, fraudulently joined parties are to be disregarded and only the citizenship of "real parties to the controversy" is to be considered. *Boss v. Nissan N. Am., Inc.*, 228 F. App'x 331, 334-35 (4th Cir. 2007); *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

14. A party is fraudulently joined when "either no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action [against that nondiverse defendant] exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (internal citations omitted) (emphasis in the original).

15. Here, Plaintiff has failed to properly allege a breach of contract, or any other claim, by Tricorp. Plaintiff's Complaint fails to set forth the elements of a breach of contract by Tricorp. To state a claim for breach of contract in North Carolina, a party must allege (1) the existence of a valid contract and (2) breach of the terms of that contract. *Odom v. Kelly*, 242 N.C. App. 521, 776 S.E.2d 898 (2015).

---

[1] If the Court requires additional information regarding Scottsdale's citizenship, it will supplement this allegation upon request. Courts have allowed for allegations in the Notice of Removal to be sufficient proof. *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 551 (2014); *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir.2008).

16. Here, Plaintiff's only allegation that even mentions Tricorp is "Plaintiff Semper Fi validly contracted with Defendant Tricorp as an insurance broker for such coverage that has been denied." (Compl. ¶ 32).

17. Plaintiff has not alleged that Tricorp breached the Insurance Contract, a contract to which only Plaintiff and Scottsdale were parties.

18. Pursuant to the terms of the contract and North Carolina law, Tricorp was not a party to the Insurance Contract. In North Carolina, when an insurance broker successfully procures insurance for an insured, "the agent or broker is not a party to the contract of insurance and is not liable thereon, irrespective of any default in the performance thereof by the insurer". *Mayo v. Am. Fire & Cas. Co.*, 282 N.C. 346, 354, 192 S.E.2d 828, 833 (1972).

19. Here, the allegations, if any, against Tricorp arise purely from the duties based in the contract between Scottsdale and the Plaintiff - Scottsdale's duty to compensate Plaintiff for a claim of any loss to the Facility properly covered under the Insurance Contract.

20. Thus, Plaintiff cannot impute liability to Tricorp for any alleged acts or omissions by Scottsdale under either of its claims for breach of contract or unfair and deceptive trade practices.

21. As there is no colorable claim either alleged or in fact against Tricorp, Tricorp is not a properly named Defendant in this action. Thus, Scottsdale and Plaintiff are the only "real parties to the controversy."

22. In sum, because there is complete diversity of citizenship between the "real parties to the controversy," and the monetary jurisdictional threshold is satisfied, this case is properly removed to this Court.

## REMOVAL IS TIMELY

23. This case was filed in the Superior Court in Onslow County on November 20, 2019 under the name and style of "*Semper Fi Vehicle & Self Storage, Inc. v. Scottsdale Insurance Company and Tricorp Insurance Agency, Inc*." Superior Court File No. 19 CVS 4078.

24. Plaintiff served and Scottsdale received a copy of the Summons and Complaint via certified mail on November 22, 2019. Pursuant to 28 U.S.C. § 1441, the time for removal has not yet expired.

## REMOVAL REQUIREMENTS SATISFIED

25. All Defendants consent to the Removal. (**Exhibit B**)

26. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached hereto a copy of all process, pleadings, and orders in the state court action. (**Exhibit C**)

27. Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiff written notice of the filing of this Notice of Removal, and Defendants shall file the written notice of the filing of this Notice of Removal with the clerk of the Superior Court for Onslow County, attaching thereto a copy of this Notice of Removal. An unfiled copy of the Notice of Filing of the Notice of Removal is attached hereto as **Exhibit D**.

## CONCLUSION

WHEREFORE, Defendants respectfully requests the above-captioned action now pending in the Superior Court for Onslow County be removed to the United States District Court for the Eastern District of North Carolina, and that the United States District Court for the Eastern District of North Carolina assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice. If any questions

-5-

Case 4:19-cv-00179-BR   Document 1   Filed 12/20/19   Page 5 of 7

arise as to the proprietary of the removal of this action, Defendants request the opportunity to present a brief and argument in support of its position that this case is removable.

Respectfully submitted, this the 20th day of December, 2019.

WOMBLE BOND DICKINSON (US) LLP

*/S/ RACHEL E. KEEN*
Rachel E. Keen, N.C. State Bar No. 27777
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: 336-721-3712
Facsimile: 336-726-9012
Email: Rachel.Keen@wbd-us.com

Alexander J. Buckley, N.C. State Bar No. 53403
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: 919-755-2137
Facsimile: 919-755-2150
Email: alex.buckley@wbd-us.com

**Attorneys for Scottsdale Insurance Company**

## CERTIFICATE OF SERVICE

This is to certify that on December 20, 2019 the undersigned attorney did file the foregoing document using this Court's CM ECF system, and that she did serve the foregoing document to the following by U.S. Mail, postage prepaid:

Nathan E. Sweet
N. C. State Bar No.: 40114
The Law Office of Nathan E. Sweet
734 Court Street
Jacksonville, NC 28540
Telephone: (910) 333-1089
Email: Nathan@NathanSweetLaw.com

*Attorney for Plaintiff*

Michael T. Medford
MANNING FULTON & SKINNER, P.A.
3605 Glenwood Avenue, Suite 500
Post Office Box 20389
Raleigh, North Carolina 27619-0389
Telephone: (919) 787-8880
Facsimile: (919) 325-4618
Email: medford@manningfulton.com

*Attorneys for Defendant Tricorp Insurance Agency, Inc.*

       */S/ RACHEL E. KEEN*
       Rachel E. Keen, N.C. State Bar No. 27777